# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSEPH ANTONIO WEAVER,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　　　No. 4:15CV607 RWS
　　　　　　　　　　　　　　　　　)
KEEFE COMMISSARY NETWORK　　　　　)
SALES, et al.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　)

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $6.40, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.*

Plaintiff alleges that defendant Keefe Commissary Network ("Keefe") charges excessive prices for food items. He says he is forced to buy Keefe products from the canteen because he does not get enough to eat from the cafeteria. Plaintiff also asserts that defendant Bernsen does not provide an adequate law library in the St. Louis County Justice Center. He claims that

motions he has filed in pending cases have been ruled frivolous because he is not able to research the law. Bernsen is the Director of the Department of Justice Services in St. Louis County.

It is established that an inmate has no federal constitutional right to purchase items from a prison commissary. *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir.1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."). Furthermore, an inmate has no "constitutionally protected interest in buying food as cheaply as possible." *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir.1980); *see also*, *Hopkins v. Keefe Commissary Network Sales*, 2007 WL 2080480, at *5 (W.D.Pa. July 12, 2007) (citing cases rejecting the proposition that price gouging with respect to goods for sale in prisons implicates the constitutional rights of prisoners). As a result, plaintiff's claims against Keefe fail to state a claim.

Additionally, § 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Plaintiff has not shown that an agreement exists between Keefe and the Justice Center, and plaintiff's claims against Keefe fail for this reason as well.

Plaintiff brings this action against defendant Bernsen in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the pleading as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his

or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint is legally frivolous as to defendant Bernsen.

Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating Bernsen was directly involved in or personally responsible for the conditions of the law library. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff has not alleged that Bernsen knew what materials were in the library. As a result, plaintiff's claim against Bernsen fails to state a claim for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>29th</u> day of April, 2015.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE